IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>       Petitioner,<br><br>    v.<br><br>SHERIFF KYLE SAPP,<br><br>       Respondent. | CIVIL ACTION NO.: 6:18-cv-13 |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Waseem Daker, currently an inmate at Macon State Prison in Oglethorpe, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) I have conducted a preliminary review of Daker's claims, as required by Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons which follow, the Court **DENIES** Daker's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For these same reasons, I **RECOMMEND** that the Court **DISMISS** Daker's Petition and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Daker *in forma pauperis* status on appeal. Given the recommended dismissal of Daker's Petition, the Court also **DENIES** his Motion to Expedite Proceedings, (doc. 3).

**BACKGROUND**

The Petitioner in this action, Waseem Daker ("Daker"), is no stranger to this Court. At the time he filed this action, Daker was an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia, and he is currently incarcerated at Macon State Prison in Oglethorpe, Georgia. (Doc. 1,

---

[1] Though this is a Section 2241 action, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

p. 1; Doc. 4.) However, Daker does not take issue with the convictions leading to that imprisonment in this Habeas Petition. Rather, his Petition arises out of new criminal charges pending against him in Tattnall County Superior Court. (Id. at p. 2.) These charges apparently resulted from an incident occurring on July 6, 2017. (Id. at p. 7.) According to Daker, on that date, GSP Unit Manager Joseph Hutcheson and Lieutenant Ronnie Shumake attacked Daker after Daker refused to abide by Hutcheson and Shumake's instructions to allow another inmate to shave Daker's beard. (Id.) As a result of the incident, Daker was charged with two counts of obstruction of an officer. (Id. at pp. 7–8.)

In this Petition, Daker contends that the Tattnall County courts violated his rights to due process during the bail proceedings on these state charges. (Id. at pp. 5–6.) Specifically, he claims that the Tattnall County Magistrate Judge denied Daker bail at his initial appearance on August 4, 2017, without holding a bail hearing and without providing an explanation. (Id. at p. 5.) He also claims that the trial court violated O.C.G.A. § 17-6-1(d) by failing to hold a bond hearing within ten days of Daker's three motions for a hearing. (Id. at pp. 5–6.) He avers that his bond hearing was not held until October 11, 2017. (Id.) He further alleges that the state court violated his due process rights at that hearing by denying him bond without providing an opportunity to be heard and without an explanation for the denial. (Id. at p. 7.) Daker also includes claims that Hutcheson and Shumake's actions during the incident violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and his rights guaranteed by the First and Eighth Amendments to the United States Constitution. (Id. at pp. 7–8.)

## STANDARD OF REVIEW

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine [the petition]. If it plainly appears from the petition and any

>attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). While pursuant to Federal Rule of Civil Procedure 8(a), complaints in a civil case must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "'fact pleading' as opposed to 'notice pleading.'" Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

**DISCUSSION**

**II.     The Court Does Not Have Jurisdiction to Hear Daker's Habeas Claims**

Article III of the Constitution "extends the jurisdiction of federal courts to only "'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go

to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

Courts have found that claims regarding pretrial release, like Daker brings here, become moot once the petitioner is no longer subject to the allegedly unlawful pretrial conditions he complains of. See Murphy v. Hunt, 455 U.S. 478 (1982) (Section 1983 claim to pretrial bail was rendered moot by conviction); Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006) (Section 2241 petition challenging alien's detention without bond was moot when the alien was no longer "in the custody of the DHS to benefit from a bond determination or release."); United States v. O'Shaughnessy, 772 F.2d 112, 113 (5th Cir. 1985) (after defendant's conviction, "[n]either pretrial detention nor release on pretrial bail may now be ordered"); Johnson v. Glover, No. 1:04-CV-413-WKWWO, 2006 WL 1008986, at *2 (M.D. Ala. Apr. 18, 2006) ("It is clear that

[petitioner's] claim regarding pretrial bail became moot upon either his conviction of the underlying offense and/or his transfer to state custody for service of sentences imposed for various felony convictions. 'The question is no longer live because even a favorable decision on it would not . . . entitle [petitioner] to a reduction in bail.'") (quoting Murphy, 455 U.S. at 481–82 (alterations and citations omitted)). Indeed, Daker himself had five habeas corpus petitions regarding pretrial release dismissed because his claims were mooted by his subsequent conviction. Daker v. Warren, No. 1:11-CV-1711-RWS, 2013 WL 1345492, at *3 (N.D. Ga. Mar. 28, 2013).

Further, a writ of habeas corpus functions to grant relief from unlawful custody. Section 2241, the statute under which Daker brings his Petition, provides "the writ of habeas corpus shall not extend to a prisoner unless," among other provisions not pertinent here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Therefore, the Court does not have subject matter jurisdiction over a habeas petition if the authority against whom relief is sought does not have custody of the petitioner. See Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 402 (11th Cir. 1988). The "in custody" requirement is a prerequisite to invoke the subject matter jurisdiction of the Court. Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001). Given that the "in custody" requirement is jurisdictional, this Court must assess whether Daker satisfies that requirement before proceeding further. Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a

federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Here, it plainly appears that Daker is not in the pretrial custody that he challenges in his habeas petition. Although Daker named the Sheriff of Tattnall County as the Respondent, Daker was not in the Sheriff's custody. Rather, at the time he filed his Petition, Daker was in the custody of the Georgia Department of Corrections at GSP. (Doc. 1, p. 1.) Though Daker has since been transferred to Macon State Prison, he remains in the custody of the Georgia Department of Corrections. (Doc. 4.) From his prolific and ongoing litigation history in this Court and others, the Court is well aware that Daker is imprisoned because the Cobb County, Georgia Superior Court sentenced him to serve a sentence of life plus forty-seven years' imprisonment following his conviction for several crimes, including murder. See, e.g., Pet., Daker v. Allen, et al., 6:18-cv-40 (S.D. Ga. April 9, 2018), ECF No. 1 (challenging GSP administrative segregation); Daker v. Humphrey, No. 5:12-CV-461 CAR, 2012 WL 6163078, at *1 (M.D. Ga. Dec. 11, 2012) (noting Daker's conviction and sentence). Because Daker's confinement is not a result of his new obstruction charges or the denial of bond on those charges, he would not benefit from a bail determination. Consequently, his habeas claims regarding the denial of bond are moot, and his Petition does not present a live case or controversy. Further, Daker fails to meet the "in custody" jurisdictional requirement of Section 2241 as he is not in the custody of the Sherriff of Tattnall County or otherwise in custody on the Tattnall County obstruction charges.

For all of these reasons, it plainly appears that the Court lacks jurisdiction to hear Daker's habeas claims for pretrial release. Thus, I **RECOMMEND** that the Court **DISMISS** those claims.

**III.      Daker Cannot Bring Claims Against Hutcheson and Shumake in this Habeas Action**

Though Daker does not name Hutcheson or Shumake as a Respondent, it appears he attempts to assert claims against them. Daker contends that Hutcheson and Shumake violated RLUIPA and his rights guaranteed by the First and Eighth Amendments to the United States Constitution when they attempted to forcibly shave him and assaulted him. Section 2241 is not the proper vehicle through which to assert claims challenging the conditions of his confinement. Rather, ordinarily, those claims must be pursued as a civil rights action. The distinction between claims which may be brought as civil rights actions and those which must be brought as habeas petitions is reasonably well-settled. Claims in which prisoners challenge the circumstances and conditions of their confinement are civil rights actions, not habeas actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas actions, in contrast, explicitly or by necessary implication, challenge the fact of custody or a prisoner's conviction or sentence imposed on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For example, when a prisoner makes a claim that, if successful, could result in a release from custody or shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). Even if Daker successfully proved that Hutcheson or Shumake violated RLUIPA or his constitutional rights by assaulting him and attempting to forcibly shave him, the relief on such claims would not release him from custody, invalidate his conviction, or shorten his term of imprisonment. These claims contest the conditions of his confinement and are not cognizable pursuant to 28 U.S.C. § 2241.

Because Daker cannot assert his putative claims against Hutcheson and Shumake via this habeas petition, the Court should **DISMISS** those claims.

### IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Daker leave to appeal *in forma pauperis*.  Though Daker has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Daker's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Daker *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Daker's Motion to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** that the Court **DISMISS** Daker's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Daker *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve Daker with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA