IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Petitioner,

v.

SHERIFF KYLE SAPP,

    Respondent.

CIVIL ACTION NO.: 6:18-cv-13

## ORDER

This matter is before the Court on Petitioner Waseem Daker's ("Daker") Objections to the Magistrate Judge's Report and Recommendation. Doc. 11. The Magistrate Judge recommended the Court dismiss Daker's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus because Daker was not "in custody" at the time he filed his Petition, Daker's Petition was moot, and Daker could not bring non-habeas claims in his Petition. Doc. 6. Daker has also filed: (1) Motion to Stay Time to Object, doc. 7; (2) Motion for Access to Case Authorities, doc. 8; (3) Motion for Law Library Access, doc. 9; and (4) Motion to Amend and Supplement Petition, doc. 12. As Daker has filed his Objections, the Court **DENIES as moot** his Motion to Stay, doc. 7. For the reasons set forth herein, the Court **GRANTS** Daker's Motion to Amend and Supplement Petition and **DENIES** his Motions for Access to Case Authorities and for Law Library Access. For these same reasons, the Court also **SUSTAINS in part** and **OVERRULES in part** Daker's Objections but **CONCURS** with the Magistrate Judge's recommended disposition of Daker's Petition, as amended. Thus, the Court **DISMISSES in part** and **DENIES as moot in part** Daker's Petition, **DIRECTS** the Clerk

of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Daker *in forma pauperis* status on appeal.

## BACKGROUND

Daker filed this § 2241 Petition and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. In his Petition, Daker asserts he is challenging a detainer the Tattnall County Sheriff lodged against him based on pending criminal charges of obstruction of an officer. Doc. 1 at 1. Daker contends his due process rights have been violated during the Tattnall County criminal proceedings based on lack of probable cause, the denial of a probable cause hearing, and the denial of a bond hearing entirely without explanation or within 10 days of his requests for a bond hearing. Id. at 2, 5–6. Daker maintains the officers' actions during the events giving rise to his criminal prosecution violated his First and Eighth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Id. at 7–8. Daker alleges he filed a state habeas corpus petition, but the state court dismissed his petition as prematurely filed since he was not challenging a final conviction. Id. at 6. Daker originally did not provide the Court with his requested relief based on the violations alleged, doc. 1, but requests in his Amended Petition that all charges and the detainer therefor in the Tattnall County Superior Court be dismissed. Doc. 12-1 at 12.

The Magistrate Judge denied Daker's motion for leave to proceed *in forma pauperis*. Doc. 5. The Magistrate Judge also recommended the Court dismiss Daker's Petition because Daker has not met the "in custody" requirement for purposes of 28 U.S.C. § 2254, Daker's Petition is moot, and he cannot bring claims against Officers Hutcheson and Shumake in this Petition. Doc. 6 at 3–8. In response, Daker filed his Objections, as well as several other Motions. The Court addresses these filings in turn.

2

## DISCUSSION

### I. Daker's Motion to Amend/Supplement, doc. 12

Daker moves to amend his Petition under Federal Rules of Civil Procedure 15(a) and (d) as a matter of course. Doc. 12 at 1. He asserts he sets forth additional facts to support the substantive defenses to the charged offenses and seeks to add another claim regarding his right to a speedy trial. Id. at 3.

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, applies to § 2241 petitions. Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(1) provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

As the Court has not directed service of Daker's Petition and Respondent has not yet answered, Daker can properly amend his petition under Rule 15 without leave of the Court. The Court, nevertheless, **GRANTS** Daker's Motion to Amend. Because Petitioner could properly amend, the Court must address Daker's amended claims. Henderson v. Rountree, CV 117-177, 2018 WL 1157555, at * 1 (S.D. Ga. Mar. 5, 2018).

### II. Daker's Objections to the Report and Recommendation, doc. 11,[1] and Claims Raised in his Amended Petition

Daker contends Respondent lodged a detainer against him with Department of Corrections' officials under the Tattnall County indictment. Thus, Daker asserts he meets the "in custody" requirement for purposes of his Petition. Doc. 11 at 9. Daker states it is irrelevant that he is in custody on a conviction and sentence in another case, as he can challenge his pretrial custody on a pending detainer. Id. at 10. Additionally, Daker asserts his conviction and sentence arising from

---

[1] Daker states his Objections are only partial Objections. Doc. 11 at 3. However, Daker's Objections appear complete, and the Court is able to appreciate Daker's arguments without further explanation.

3

Cobb County did not moot his claims regarding the Tattnall County proceedings. Id. at 12. Daker asserts he has not been convicted under the Tattnall County indictment, and his conviction in Cobb County does not change the fact that he is also in pretrial custody on the pending indictment and detainer in Tattnall County. Id. at 13. Even if he were convicted in Tattnall County, Daker asserts only his denial of bail claims would be moot, not his challenges to the prosecution itself. Id. at 14.

### A. Whether Daker Meets the "in Custody" Requirement

A prisoner may bring an action for writ of habeas corpus if the prisoner is "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted § 2241 as requiring a habeas petitioner to be "in custody" under the conviction or sentence he seeks to attack at the time his petition is filed. Ray v. Campbell, 284 F. App'x 773, 774 (11th Cir. 2008) (citing Carafas v. LaVallee, 391 U.S. 234, 238(1968)).

Here, Daker contends he is under indictment in Tattnall County and the Sheriff placed a detainer against him based on the charges for which he was indicted. Accordingly, it appears Daker meets the "in custody" requirement for habeas corpus purposes. See Stacy v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 (11th Cir. 1988) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973), for the proposition that a petitioner is in custody under § 2241(c) when he is being held in one state and is in custody in another state when the second state had an indictment and detainer against the petitioner)). Consequently, the Court **SUSTAINS** this portion of Daker's Objections.

### B. Whether Daker's Cobb County Conviction Moots his Petition

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-

or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

The Magistrate Judge is correct that a claim for pretrial bail becomes moot once the petitioner is convicted on those charges for which he is being held. Doc. 6 at 4 (citing Murphy v. Hunt, 455 U.S. 478 (1982) (claim to pretrial bail rendered moot by conviction)). However, according to Daker, he has yet to be convicted on the Tattnall County charges. Doc. 11 at 12–13. Thus, Daker's § 2241 Petition relating to the pending Tattnall County charges are not moot based on his conviction in Cobb County on completely unrelated charges. The Court **SUSTAINS** this portion of Daker's Objections.[2]

---

[2] However, what the Magistrate Judge appeared to mean, perhaps, was that, because Daker is currently serving a sentence of life plus 47 years based on his Cobb County conviction, any attempt to obtain bail or

C.  **Whether Daker is Entitled to Habeas Corpus Relief**[3]

   *1. Claims Relating to Denial of Bond Hearing and Bail*

Although Daker's Petition is not moot, he is not entitled to any relief he seeks. Daker complains he did not have a bail or bond hearing within 10 days of his requests, in violation of O.C.G.A. § 17-6-1(d) and of his right to due process. Doc. 1 at 5–7; Doc. 12-1 at 10 (Grounds 2–4). Moreover, Daker contends his due process and Eighth Amendment rights were violated when he was denied bail at his first appearance on August 4, 2017 and again after the October 11, 2017 hearing. Doc. 12-1 at 10 (Grounds 1, 5).

   (a)  **Bond Hearing Claims (Grounds 2–4)**

A writ of habeas corpus may issue to a prisoner pursuant to § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" § 2241(c)(3) applies. Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). This Section applies to "'a person in custody pursuant to the judgment of a State court' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting § 2254(a)). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).

As noted above, § 2254 provides "that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Swarthout v. Cooke, 562 U.S. 216, 218 (2011) (internal citation

---

bond on the Tattnall County charges (Grounds 1–5) would be moot. The Court does address mootness as to the denial of bond in this Order (Grounds 1, 5).

[3] Daker raises 10 enumerated grounds for relief in his Petition, as amended. Doc. 1 (raising Grounds 1–9); Doc. 12-1 (restating Grounds 1–9 and adding Ground 10). The Court addresses Daker's requested relief asserted in each of these grounds in § II(C) of this Order.

6

omitted). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. (internal citation omitted). Rather, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." Id.; see 28 U.S.C. § 2241(c) (3) (providing that "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that a "habeas petition grounded on issues of state law provides no basis for habeas relief," even "when a petition, which actually involves state law issues, is couched in terms of equal protection and due process") (internal quotations omitted); O'Malley v. McNeil, No. 1:07-cv-228, 2010 WL 6089074, at *7 (N.D. Fla. Sept. 21, 2010) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982), for proposition that "a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution"), *adopted by* 2011 WL 902218 (N.D. Fla. Mar. 16, 2011).

With respect to his claims regarding the failure to hold the bond hearing within the ten-day period set forth in Georgia law, Daker has failed to allege a cognizable violation of his due process rights under the Constitution. In Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, the Supreme Court stated:

> It is axiomatic that due process is flexible and calls for such procedural protections as the particular situation demands. The function of legal process, as that concept is embodied in the Constitution, and in the realm of factfinding, is to minimize the risk of erroneous decisions. Because of the broad spectrum of concerns to which the term must apply, flexibility is necessary to gear the process to the particular need; the quantum and quality of the process due in a particular situation depend upon the need to serve the purpose of minimizing the risk of error.

442 U.S. 1, 12 (1979) (citations and internal quotations omitted). There is nothing in this language, in any other Supreme Court language of which this Court is aware, or in the arguments that Daker has offered which suggests the minimal delay in setting his bond hearing—approximately 49 days after he first requested one and only 16 days after he last requested a hearing—violated due process of law or created an unconstitutional risk of error. Therefore, Daker is not entitled to habeas corpus relief based on his claims that the delay in having a bond hearing violated his constitutional rights, even if this were a violation of Georgia procedural law. See Daker v. Warren, No. 1:10-CV-03815, 2011 WL 4553141, at *5 (N.D. Ga. May 9, 2011) (noting 30-day delay in setting bond hearing did not violate Daker's right to due process or create an "unconstitutional risk of error[]"), *report and recommendation adopted*, 2011 WL 4553139 (N.D. Ga. Sept. 28, 2011).[4]

### (b) Denial of Bail Claims (Grounds 1 and 5)

Likewise, Daker is not entitled to federal habeas relief based on his claims that he was twice denied bail during state criminal proceedings, in violation of his constitutional rights. The question of whether Daker was denied bail unconstitutionally appears to be moot. As noted above, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades, 570 F.3d at 1216.[5]

Here, although Daker is facing pending charges in the Tattnall County Superior Court, he is also already serving a sentence of life plus 47 years in prison for murder and other convictions.

---

[4] Daker cites to Hayes v. Faulkner County, 388 F.3d 669, 675 (8th Cir. 2004), as support for his claim that the lack of a bond hearing within 10 days of his requests violated his right to due process. Hayes stands for the proposition that "the Due Process Clause forbids an extended detention, without a first appearance, following arrest by warrant." 388 F.3d at 673. According to Daker, he had his initial appearance the same day he was booked into the Tattnall County Sheriff's Office. Doc. 12 at 2. The Hayes decision is, thus, inapposite to Daker's due process claims relating to any delay in having a bond hearing.

[5] The Court clarifies that, while Daker's Petition has not been rendered moot because he has not yet been convicted on the Tattnall County charges, certain claims asserted in his Petition are moot.

8

http://www.dcor.state.ga.us/GDC/Offender/Query, search for "Daker, Waseem", last accessed Aug. 5, 2019. Daker's desire to have bail set in his Tattnall County proceedings is not "'live because even a favorable decision on it would not . . . entitle[] [him] to bail.'" Jones v. Burnette, Civil Action Nos. 408-054, 408-055, 408-056, 408-57, 408-059, 408-060, 408-061, 2008 WL 2156720, at *3 (S.D. Ga. May 22, 2008) (alterations and ellipsis retained) (quoting Murphy v. Hunt, 455 U.S. 478, 481–82 (1982)). Daker's denial of bond claims are moot because he is already in "state custody for service of sentences imposed for various . . . convictions." Id. In fact, it appears Daker's bail denial claims were moot at the time he filed this § 2241 Petition.

The Court **DISMISSES** Daker's claims relating to the denial of bail and the denial of bond hearings, as these claims do not set forth grounds for federal habeas relief. Additionally, the Court **DENIES as moot** Daker's assertions that he was denied bail.

### 2. *Claims Relating to Conditions of Confinement and Affirmative Defenses to State Criminal Prosecution (Grounds 6–9)*

Daker also states in his Objections and his Amended Petition that his Grounds 6–9 are not moot, either. In these grounds, Daker challenges the actions of the officers involved in the incident giving rise to his Tattnall County charges. Doc. 1 at 7–8; Doc. 12-1 at 10–11. Specifically, Daker contends the prosecution of criminal charges against him violates RLUIPA, as the policy at issue only allows male prisoners to grow a beard one-half inch in length, whereas his religion dictates he grow a "fist-length beard." Doc. 1 at 7 (Ground 6). Daker also contends Hutcheson and Shuemake attacked him without provocation by forcibly shaving him and not sanitizing the clippers used for the forced shaving, in violation of his Eighth Amendment rights. Id. at 8 (Ground 7). In addition, Daker maintains the criminal prosecution violates his First Amendment right to be free from retaliation and his First Amendment right to free exercise of his religion. Id. (Ground 8); Doc. 12-1 at 10–11 (Grounds 8 and 9). While these claims may not be moot, they cannot be

9

asserted in the habeas context. As the Magistrate Judge determined, § 2241 "is not the proper vehicle through which to assert claims" regarding being forcibly shaved and assaulted, which are claims "challenging the conditions of his confinement." Doc. 6 at 7.

However, a review of Daker's pleadings indicates that Daker seeks to raise these grounds to illustrate affirmative defenses to the state criminal charges. Regardless of whether these grounds can be raised in the habeas context, Daker still would not be entitled to relief on these grounds in this pre-trial § 2241 Petition. There is a "long established principle that 'federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" Crandle v. Oliver, No. CV 1:17-00562, 2018 WL 1041582, at *3 (S.D. Ala. Jan. 23, 2018) (quoting Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973)), *report and recommendation adopted*, 2018 WL 1037053 (S.D. Ala. Feb. 23, 2018). Instead, Daker's affirmative defenses to the pending criminal charges would be "'properly brought during [Daker's] criminal case and subsequent direct appeal, should he choose to file one.'" Jackson v. Georgia, No. 4:18-cv-00157, 2018 WL 6005419, at *2 (M.D. Ga. Nov. 15, 2018) (quoting Garcon v. Palm Beach Cty. Sheriff's Office, 291 F. App'x 225, 226 (11th Cir. 2008)).

Thus, the Court **DISMISSES without prejudice** Grounds 6–9 of Daker's Petition, as amended.

### 3. *Claim Relating to Speedy Trial Violation (Ground 10)*

As for Daker's tenth and final ground for relief, he asserts the delay in his Tattnall County criminal proceedings violates his right to a speedy trial. Doc. 12 at 16. Daker is not able to proceed with this claim via § 2241, as he has not exhausted this claim in the state courts.[6] Pretrial § 2241

---

[6] It is at least arguable Daker exhausted his state remedies as to Grounds 1–9 of his Petition, as amended. See Doc. 1 at 6. However, it is evident Daker did not exhaust his state remedies as to Ground 10 of his

petitions must be exhausted. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (All habeas corpus actions "require a petitioner to fully exhaust state remedies[.]"); Thomas, 371 F.3d at 812 (Tjoflat, J, concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Georgia law

> allows pretrial detainees to raise [speedy trial violation claims] either during state criminal proceedings or collaterally in a state habeas corpus action. See Perera v. Miller, 283 Ga. 583, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claims during the course of criminal proceedings); Jackson v. State, 279 Ga. 449, 614 S.E.2d 781, 783–84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); Rainwater v. Langley, 277 Ga. 127, 587 S.E.2d 18, 19–20 (Ga. 2003) (challenging pretrial detention in state habeas petition); Banks v. Waldrop, 272 Ga. 475, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); McClure v. Hopper, 234 Ga. 45, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action).

Youmans v. St. Lawrence, No. CV412-027, 2012 WL 1100665, at *1 (S.D. Ga. Feb. 13, 2012), *report and recommendation adopted*, 2012 WL 1100659 (S.D. Ga. Apr. 2, 2012). In other words, while a state pretrial detainee like Daker may seek relief pursuant to § 2241, he must "exhaust[] all available state remedies as a prelude to th[e] action." Crandle, 2018 WL 1041582, at *2 (alterations retained). "Federal habeas corpus should not be used as a pretrial motion forum for state prisoners." Id. (quoting Tooten v. Shevin, 493 F.2d 173, (5th Cir. 1974)).

In his original Petition, Daker asserts he attempted to exhaust his state remedies prior to the filing of this § 2241 Petition and was informed he could not raise habeas corpus claims until he was convicted. Doc. 1 at 6. The Court accepts this representation as true. However, based on his representations, Daker did not raise his speedy trial violation claim until he filed his Amended Petition. Doc. 12-1 at 11; see also Doc. 12 at 3 (setting forth additional claim that

---

Amended Complaint. Doc. 12 at 3 ("The Amended Petition states additional Claim that the pretrial delay approaching 14 months violates [his] Sixth and Fourteenth Amendment Speedy Trial rights.").

pretrial delay of 14 months (between his August 4, 2017 first appearance and September 2018 filing of motion to amend) violates Daker's Sixth and Fourteenth Amendment rights). Daker clearly has to exhaust his speedy trial claim in the Georgia courts, and he failed to do so.[7]

Daker has not exhausted his state court remedies as to Ground 10. Consequently, the Court **DISMISSES without prejudice** his speedy trial claim.

### III. Daker's Motions for Access to Case Authorities and Law Library, docs. 8, 9

Daker asks the Court to order Respondent to provide access to or the Court to provide copies of the legal authorities the Magistrate Judge cited in his Order and Report and Recommendation. Doc. 8 at 7. Daker also asks the Court to issue an order for injunctive relief to provide Daker with access to a law library in lockdown, adequate access to the general population's law library, transfer him to a prison with a lockdown satellite law library, or otherwise make arrangements to provide him with adequate law library access. Doc. 9 at 27.

The Court notes Daker has complained on several occasions about the lack of a satellite law library for prisoners on lockdown status. In fact, Daker filed his Motion for Law Library Access in this case in five (5) other civil cases that are or were pending at the time he filed his Motion. Id. at 1. In his Motion, however, he states he has at least some access to case authorities and a law library. Id. at 4. Additionally, by his filings in this case alone, it is clear Daker has at least some access to case authorities and legal materials. Moreover, Daker fails to show how any supposed limitations on his access to legal materials has affected his ability to

---

[7] Daker likely could not bring his speedy trial claim in his § 2241 Petition at this time, even if he were able to exhaust. Crandle, 2018 WL 1041582, at *3 ("Braden clearly held that a § 2241 petitioner generally cannot seek dismissal of his state criminal charges based on speedy trial violations."). "Federal habeas relief may lie when a state detainee requests to be brought to trial, but 'no case permit[s] the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court,'" as it appears Daker seeks to do here. Jackson v. Georgia, No. 4:18-cv-00157, 2018 WL 6005419, at *2 (M.D. Ga. Nov. 15, 2018) (alteration retained) (quoting Wright v. Volland, 331 F. App'x 496, 498 (9th Cir. 2009)).

prosecute this case (not to mention the several other cases Daker has pending or is still attempting to litigate in this Court alone), as he has been able to cite to several cases and has been able to distinguish the cases the Magistrate Judge cited from his own case or has cited to different cases than what the Magistrate Judge cited which may present facts that are similar to or different than Daker's case. In sum, the Court **DENIES** Daker's Motions for Access, as it is evident Daker can sufficiently present his contentions to this Court.

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Daker's Motion to Amend and Supplement Petition and **DENIES** his Motions for Access to Case Authority and to Law Library. Docs. 8, 9, 12. For these same reasons, the Court also **SUSTAINS in part** and **OVERRULES in part** Daker's Objections but **CONCURS** with the Magistrate Judge's recommended disposition of Daker's Petition, as amended. The Court **DENIES as moot** Daker's Motion to Stay, doc. 7. The Court **DISMISSES in part** and **DENIES as moot in part** Daker's Petition, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Daker *in forma pauperis* status on appeal.

SO ORDERED, this 6th day of August, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA